RECEIVED
APR 10 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| HERMAN SMITH, JR. | DOCKET NO. 12-CV-79; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| TIM WILKINSON, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Herman Smith, Jr., filed the instant civil rights complaint in forma pauperis and pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (LDOC) and is currently incarcerated at the Winn Correctional Center (WNC) in Winnfield, Louisiana. He complains that the defendants failed to provide him with a safe living environment. He names as defendants Tim Wilkinson, Corrections Corporation of America (CCA) and Unit Manager Delmer Maxwell.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.

### *Factual Allegations*

Plaintiff alleges that "an iron metal tent fell loose from the tier door ceiling" and hit him in the head. He was examined by the medical department and treated with "steri-strips" being applied to the cut. He was also provided a tetanus shot. Plaintiff claims that his injuries resulted from the negligence of the defendants.

### *Law and Analysis*

Section 1983 imposes liability for violations of rights

protected by the Constitution, not for violations of duties of care arising out of tort law. See Baker v. McCollan, 443 U.S. 137, 146 (1979). As the United States Fifth Circuit Court of Appeals has observed, "'[I]t is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.'" Price v. Roark, 256 F.3d 364, 370 (5th Cir. 2001)(quoting Nesmith v. Taylor, 715 F.2d 194, 196 (5th Cir. 1983)).

Plaintiff's allegations regarding a piece of metal falling does not present a violation of a constitutional right. See eg. Benton v. Grant, 31 Fed.Appx. 160 (5th Cir. 2001) (unpublished)(no remedy under Section 1983 for injuries sustained in jail slip and fall or for claim that defendants knew of leak in ceiling and failed to repair it). Rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm that results in injury. Deliberate indifference requires the subjective intent to cause harm. Hare v. City of Corinth, Miss., 74 F.3d 633, 649 (5th Cir. 1996)(en banc). Plaintiff has not alleged deliberate indifference by any of the defendants. He has specifically alleged negligence, which does not state a claim under Section 1983.

### Conclusion

**IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C.

§1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 10th day of April, 2012.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE